**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-1875

JOSE ANGEL CONTRERAS; SANTOS ELMER CONTRERAS-GUEVARA;
XIOMARA YESENIA CONTRERAS-GUEVARA,

        Petitioners,

       v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted: March 9, 2011        Decided: March 28, 2011

Before GREGORY, KEENAN, and WYNN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Germaine Wright Sobral, MONTAGUT & SOBRAL, P.C., Falls Church, Virginia, for Petitioners. Tony West, Assistant Attorney General, John S. Hogan, Senior Litigation Counsel, Aimee J. Frederickson, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Angel Contreras ("Contreras") and his children, Petitioners Santos Elmer Contreras-Guevara ("Santos") and Xiomara Yesenia Contreras-Guevara ("Xiomara"), natives and citizens of El Salvador, petition for review of orders of the Board of Immigration Appeals ("Board") dismissing their appeals from the immigration judge's order denying their applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

The Immigration and Nationality Act ("INA") authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). It defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds . . . ." Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir.

2

2006); see 8 C.F.R. § 1208.13(a) (2010), and can establish refugee status based on past persecution in her native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2010). "An applicant who demonstrates that he was the subject of past persecution is presumed to have a well-founded fear of persecution." Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Id. The well-founded fear standard contains both a subjective and an objective component. The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution . . . . [It] must have some basis in the reality of the circumstances and be validated with specific, concrete facts . . . and it cannot be mere irrational apprehension." Li, 405 F.3d at 176 (internal quotation marks and citations omitted).

To establish eligibility for withholding of removal, an alien must show a clear probability that, if she was removed to her native country, her "life or freedom would be threatened" on a protected ground. 8 U.S.C. § 1231(b)(3)(A) (2006); see

3

Camara v. Ashcroft, 378 F.3d 361, 370 (4th Cir. 2004). A "clear probability" means that it is more likely than not that the alien would be subject to persecution. INS v. Stevic, 467 U.S. 407, 429-30 (1984). Unlike asylum, withholding of removal is mandatory for anyone who establishes that their "life or freedom would be threatened . . . because of [their] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A) (2006).

The protected ground must be a central reason for being targeted for persecution. A central reason is one that is more than "'incidental, tangential, superficial, or subordinate to another reason for harm.'" See Quinteros-Mendoza v. Holder, 556 F.3d 159, 164 (4th Cir. 2009) (quoting In re J-B-N-, 24 I. & N. Dec. 208, 214 (BIA 2007)).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the BIA's interpretation of the INA and any attendant regulations." Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This

4

court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

The Petitioners argue that they established entitlement to relief as a result of their membership in a particular social group and their political opinion. The Board has defined "persecution on account of membership in a particular social group" within the meaning of the INA to mean "persecution that is directed toward an individual who is a member of a group of persons all of whom share a common, immutable characteristic[,] . . . one that the members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." Matter of Acosta, 19 I. & N. Dec. 211, 233-34 (BIA 1985), overruled on other grounds by Matter of Mogharrabi, 19 I. & N. Dec. 439 (BIA 1987). Further, as detailed in In re C-A-, 23 I. & N. Dec. 951, 960 (BIA 2006) and affirmed in In re A-M-E & J-G-U-, 24 I. & N. Dec. 69, 74-76 (BIA 2007), in addition to "immutability," the Board requires that a particular social group have: "(1) social visibility, meaning that members possess characteristics . . . visible and recognizable by others in the native country, . . . (2) be defined with sufficient

5

particularity to avoid indeterminacy, . . . and (3) not be defined exclusively by the fact that its members have been targeted for persecution[.]" Scatambuli v. Holder, 558 F.3d 53, 59 (1st Cir. 2009) (internal citations and quotation marks omitted).

After reviewing the record, we conclude substantial evidence supports the finding that the Petitioners failed to show they were targeted by gang members on account of a protected ground. The Petitioners claimed they had a well-founded fear of persecution based on their membership in a particular social group, i.e., families who resist extortion from MS-13 or other gangs. They also claimed a well-founded fear on account of a political opinion based on their resistance to the gangs and the gangs' extortion attempts. In addition, Xiomara and Santos claimed they had a well-founded fear of persecution because they were targeted on account of their father's resistance to the extortion attempts. A person's or a group's opposition to gangs and resistance to recruitment or extortion efforts "are all amorphous characteristics that neither provide an adequate benchmark for determining group membership, nor embody concrete traits that would readily identify a person as possessing those characteristics." Lizama v. Holder, 629 F.3d 440, 447 (4th Cir. 2011) (internal quotation marks and citation omitted). Furthermore, substantial

6

evidence supports the finding that the Petitioners were not targeted on account of a political opinion. They failed to show that they were targeted by the gangs for any reason other than the gangs' desires to increase their own coffers. Finally, substantial evidence supports the finding that Xiomara and Santos were not targeted on account of their relationship to their father. The record does not compel a finding that were it not for their relationship to their father, the children would not have been harassed.

We further conclude that the immigration judge did not err by declining to make a determination regarding past persecution because the judge properly ruled that the Petitioners failed to show a nexus between their fear of persecution and a protected ground.

We also conclude that the Petitioners failed to show the Board or the immigration judge erred in disposing of their claim under the CAT. The record does not compel a finding that any possible torture the Petitioners may face when they return to El Salvador will be with the willful blindness, acquiescence or instigation of the El Salvadorian government. See 8 C.F.R. § 1208.18(a) (2010).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal

7

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED